IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MALCOLM SMITH,

               Plaintiff,

    v.

BANK OF AMERICA, N.A.,

               Defendant.

CIVIL ACTION FILE NO.

1:13-CV-00791-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

Pending before the court is the November 26, 2013, order [Doc. 8] directing Plaintiff, for the third time, to serve the named Defendant and to file with the court an affidavit of service.

## I.    Procedural History

This civil action was filed on March 13, 2013.  [Doc. 1].  A Notice to Pro Se Plaintiffs [Doc. 2] was sent to Plaintiff Malcolm Smith that same day stating in relevant part:

> Among other requirements under the rules, Plaintiff is responsible for service of Summons and Complaint upon each Defendant.  In that regard, Plaintiff must have a Summons issued for each Defendant by the Clerk of Court; must serve the Summons and a copy of the Complaint on each Defendant within 120 days of the date of filing the Complaint by the manner and means set out in the rules; and, once service is completed, must promptly file an affidavit of such service with the Clerk of Court. See generally Rule 4, Fed. R. Civ. P.

On August 5, 2013 --145 days after the complaint was filed, the court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to effectuate service of process.  [Doc. 3].  Plaintiff filed a motion for extension of time to acquire an attorney and to serve the complaint.  [Doc. 4].  The court deemed the show cause order satisfied and granted Plaintiff a forty-five day extension to serve the defendant and to file an affidavit of such service with the Clerk.  [Doc. 5].

On November 6, 2013, more than ninety days had elapsed, and Plaintiff had not complied with the court's order [Doc. 5].  The court therefore issued a second show cause order.  [Doc. 6].  The court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to serve the complaint and for failure to comply with the  court's order to effect service within the extended time allowed.  [Id.].  Plaintiff was also ordered to effect service of Summons and a copy of the Complaint on the named corporate Defendant within fourteen days of the date of the court's order if he wished to proceed with this action, which in effect granted Plaintiff a second extension of time to serve the named Defendant.  [Id.].

On November 20, 2013, Plaintiff filed a second motion for extension of time, asking for an additional sixty to ninety days to serve the Defendant.  [Doc. 7].  The court granted Plaintiff's motion in part and ordered that Plaintiff effect service of

AO 72A
(Rev.8/82)

Summons and a copy of the Complaint on the named corporate Defendant, by the manner and means set out in Fed. R. Civ. P. 4(h), and file with the court an affidavit of service, within twenty-one days of the date of the court's order if he wished to proceed with this action.  [Doc. 8].  The court warned Plaintiff that, if he failed to comply with the court's order, no further extensions of time would be granted nor any further orders to show cause issued stating, "Failure to comply with this order will result in this court recommending that the complaint be dismissed."  [Id.].

The deadline set by the court [Doc. 8] has expired, and there is nothing on the docket indicating that Plaintiff has served the named Defendant with Summons and a copy of the Complaint nor has Plaintiff complied with the court's show cause order although he was warned [Id.] that failure to comply with the court's orders would result in this court recommending that Plaintiff's complaint be dismissed.

## II.    Discussion

Local Rule 41.3A(2), N.D. Ga., provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case. . .

3

."[1]  The federal rules also provide for involuntary dismissal:  "The district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to obey a court order."  <u>Heard v. Nix</u>, 170 Fed. Appx. 618, 619 (11th Cir. 2006); <u>see also</u> <u>McIntosh v. Gauthier</u>, 182 Fed. Appx. 884, 886 (11th Cir. 2006) (stating that Rule 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); <u>Sussman v. Salem, Saxon and Nielsen, P.A.</u>, 154 F.R.D. 294, 299 (M.D. Fla. 1994) (dismissal of an action pursuant to Rule 41(b) is appropriate "when a litigant has failed to obey a direct order of the court").  In <u>Heard</u>, the Eleventh Circuit Court of Appeals stated:

> [t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.  Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

170 Fed. Appx. at 619 (citations and internal quotation marks omitted).  However, the circuit court noted, "We have upheld an involuntary dismissal with prejudice under Rule 41(b) when a *pro se* appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear."  <u>Id.</u>

---

[1] Local Rule 41.3B, N.D. Ga., provides in pertinent part, that:  "In accordance with Fed. R. Civ. P. 41(b), a dismissal . . . operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal."

4

(citations and internal quotation marks omitted); <u>see also</u> <u>Moon v. Newsome</u>, 863 F.2d

835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is

not an abuse of discretion.").

In this case, the court has exercised its discretion on three occasions and granted

Plaintiff a total of eighty (80) days beyond the one-hundred-and-twenty (120) days

allowed under Rule 4 of the Federal Rules of Civil Procedure to serve the defendant.

Plaintiff has not complied with the court's orders [Docs. 3, 6, 8] to serve Defendant

and has not presented any cause for not serving Defendant.  As the court noted in its

last order [Doc. 8], "[t]he sole reason that Plaintiff appears to offer for failing to perfect

service during the extended period of time is his *pro se* status."  [<u>Id.</u>; <u>and see</u> Doc. 7].


As the court has stated to Plaintiff, "although [courts] are to give liberal

construction to the pleadings of *pro se* litigants, '[courts] nevertheless have required

them to conform to procedural rules[.]'" <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th

Cir. 2007) (citation omitted).  [Doc. 8].  Two hundred-and-eighty-nine days have

elapsed since the complaint was filed.  Local Rule 41.3 provides, in pertinent part, that

the court may, with or without notice to the parties, dismiss a civil case for want of

AO 72A
(Rev.8/82)

prosecution if "(3) A case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case." LR 41.3(C), N.D. Ga. <u>See also</u> Fed. R. Civ. P. 41(b). "Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution." <u>Spivey v. Reynolds</u>, 2009 WL 426121, at *1 (M.D. Ga. February 17, 2009) (citing <u>Moon</u>, 863 F.2d at 837). And this case cannot be left to linger indefinitely. Because of Plaintiff's repeated failures to comply with orders of this court and Plaintiff's failure to prosecute this case, the court is forced to recommend - as Plaintiff was warned - dismissal of the complaint.

## III.   Conclusion

The court accordingly **RECOMMENDS** that Plaintiff's complaint be dismissed.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED**, this 31st day of December, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6